UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 4:16 CV 513 CDP |
| DIVERSIFIED PAINTING SERVICES, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR ENTRY OF FULL DEFAULT JUDGMENT**

This matter is before the Court on Plaintiffs' motion for entry of full default judgment against defendant Diversified Painting Services, LLC. Plaintiffs filed this action on April 13, 2016, under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 (ERISA), and the Labor Management Relations Act, 29 U.S.C. § 185. The Complaint alleges that Defendant failed to make accounting and fully pay several employee benefit funds and contributions due under the collective bargaining agreement between the Defendant and its employees' union. Plaintiffs are the union and the trustees, sponsors and/or fiduciaries of the various funds.

The Clerk of Court entered an order of default against the Defendant on October 25, 2016. (ECF #12.)

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." *Mueller v. Jones*, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)). Accordingly, in deciding the present motion for default judgment, I accept as true the factual allegations contained in the Plaintiffs' Complaint together with those affidavits presented in the Plaintiffs' motion and memorandum in support as they relate to the Plaintiffs' damages and prayer for relief.

On April 4, 2017, I granted partial default judgment and awarded Plaintiffs $78,645.65 in delinquent fringe benefit contributions, dues deductions, and liquated damages thereon for a period of the weeks ending April 5, 2016, through week ending August 2, 2016 (related to employee hours); and weeks ending April 12, 2016, through April 26, 2016, and again for weeks ending June 21, 2016, through August 2, 2016 (related to owner operator hours). These amounts reflect contributions and dues deductions as shown on contribution reports submitted by Defendant but without accompanying payment, and liquidated damages thereon. Of this $78,645.65 partial judgment, Defendant has paid $48,579.39. (ECF #60-7, Sneed Affid.)

As part of the partial default judgment, I also ordered Defendant to submit to

an accounting for the period of November 9, 2015, to November 8, 2016. That accounting showed Defendant to owe $189,491.67 in contributions and dues deductions that Defendant failed to report as being owed to the Plaintiffs, and $37,898.32 in liquidated damages thereon. This calculation, as determined through the accounting, does not include any contributions or liquidated damages on amounts Defendant reported as being owed but failed to pay. (ECF #60-6, Kinder Affid.)

Additionally, the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g), require Defendant to pay Plaintiffs' attorneys' fees, accounting fees, and costs. Plaintiffs incurred $4731.47 in audit fees, $15,995.70 in attorneys' fees, and $1451.67 in costs. Based on the evidence presented, I find that the services performed by Plaintiffs' accountant and attorneys were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorneys' fees is reasonable.

Based on Plaintiffs' allegations and the affidavits and documentation submitted, Plaintiffs are entitled to the relief requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for entry of full default judgment [60] against the Defendant is **GRANTED**, and Plaintiffs shall recover from Defendant the sum of $279,635.09, which is comprised of the following:

- $30,066.26 remaining to be paid on the April 2017 partial default judgment;
- $189,491.67 in delinquent contributions and dues deductions as a result of payroll examination for the period of November 9, 2015, through November 8, 2016, and $37,898.32 in liquidated damages thereon;
- $15,995.70 in attorneys' fees;
- $1451.67 in costs; and
- $4731.47 in payroll audit fees.

A separate full default judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2018.